LARRY E. CHACE *v.* GEORGE D. BRONSON, WARDEN
(7486)

SPALLONE, O'CONNELL and STOUGHTON, Js.

Argued June 19—decision released September 12, 1989

*John R. Williams,* for the appellant (petitioner).

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, was *Dennis O'Connor,* assistant state's attorney, for the appellee (respondent).

SPALLONE, J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus founded on ineffective assistance of counsel. The petitioner claims that he was denied his right under the sixth amendment to the United States constitution to effective assistance of counsel at his murder trial.[1] We find no error.

After a trial by jury, the petitioner, Larry E. Chace, was convicted of murder in violation of General Statutes § 53a-54a. He was subsequently sentenced to a term of imprisonment of not less than seventeen years nor more than life. He appealed the judgment of conviction to the Supreme Court, claiming (1) that there was insufficient evidence to convict him of murder, (2) that the prosecutor made improper remarks to the jury, thus depriving him of his right to a fair trial, and (3) that he had been deprived of his right to effective assistance of counsel. *State* v. *Chace,* 199 Conn. 102, 505 A.2d 712 (1986). The Supreme Court found no error as to

---

[1] The defendant also briefed a claim that the habeas court erred in failing to hold that the standard for effective assistance of counsel is higher under the Connecticut constitution than under the United States constitution. At oral argument, however, he acknowledged that our Supreme Court has rejected the contention that article first, § 8, of the Connecticut constitution affords "greater and more extensive rights to counsel" than the right to counsel provided by the sixth amendment to the United States constitution. See *Aillon* v. *Meachum,* 211 Conn. 352, 355 n.3, 559 A.2d 206 (1989). It is therefore unnecessary for us to address this claim.

the first and second issues and declined to consider the petitioner's claim of ineffective assistance of counsel because the record was inadequate for proper review. Id., 109. The petitioner subsequently petitioned the Superior Court for a writ of habeas corpus, claiming ineffective assistance of counsel, in violation of his rights under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. The petitioner's claims of ineffective assistance of counsel involved allegations that his trial counsel (1) failed to seek out essential witnesses and produce them at trial, (2) failed to present available evidence of the defendant's intoxication, (3) failed to request a jury instruction on the lesser included offense of manslaughter, (4) failed to except to the trial court's failure to charge on the lesser included offense of manslaughter, (5) failed to argue evidence of the petitioner's intoxication to the jury, and (6) failed to argue to the jury the lesser included offense of manslaughter. The habeas court rejected all the petitioner's claims of ineffective assistance, except the claim that counsel had erroneously failed to request a jury instruction on a lesser included offense. With regard to that claim, the court held that the petitioner would have been entitled to a charge on manslaughter, if such a charge had been requested, and that counsel's failure to request the charge was not a professionally reasonable judgment under the standards articulated in *Strickland* v. *Washington,* 466 U.S. 668, 690–91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1983), reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984). The court held, however, that the petitioner had failed to make the additional showing required by *Strickland* that there was a reasonable probability that counsel's error was so prejudicial to the defense that, but for the error, the result of the proceeding would have been different. This appeal followed.

The underlying facts were set out in detail by our Supreme Court in its opinion in the petitioner's first appeal. See *State* v. *Chace,* supra, 103–104. To summarize, the victim, Sheldon Merrill, Jr., and a friend became involved in an argument with the petitioner at the Speak Easy Cafe in Berlin. The petitioner and Merrill went out into a nearby parking lot, where a fight ensued and the petitioner stabbed Merrill to death. It was established at trial that the petitioner had been drinking beer for " 'a couple of hours' " before the stabbing, and the victim's friend testified that the petitioner " 'appeared to be under the influence' " at the time. Id. No other evidence was offered regarding the petitioner's intoxication.

The petitioner's claims of error fall into three categories. The petitioner contends that the habeas court erred in failing to find ineffective assistance of counsel on the grounds (1) that counsel failed to conduct a proper investigation of the petitioner's alleged intoxication, (2) that counsel failed to request a jury instruction on second degree manslaughter, and (3) that counsel failed to argue intoxication during his summation to the jury.

Before addressing the petitioner's claims, we review generally the principles governing claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) that the attorney's performance was so deficient and his errors so serious that counsel was, in effect, not functioning as counsel, and (2) that those errors functioned so as to deprive the petitioner of a fair trial. *Levine* v. *Manson,* 195 Conn. 636, 640, 490 A.2d 82 (1985), citing *Strickland* v. *Washington,* supra, 687, 694. The petitioner must show that his attorney's performance was not reasonably competent or was not within the range of competence displayed by lawyers with ordinary training and skill in the criminal law.

*Williams* v. *Manson,* 195 Conn. 561, 564, 489 A.2d 377
(1985). Petitioners are entitled to reasonably profes-
sional assistance, not to perfect representation. *State*
v. *Barber,* 173 Conn. 153, 159–60, 376 A.2d 1108 (1977).
Judicial scrutiny of counsel's performance must be
highly deferential, and a reviewing court must indulge
a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance.
*Levine* v. *Manson,* supra. The petitioner must overcome
the presumption that, under the circumstances, the
challenged action might be considered sound trial
strategy. Id. "In fairly assessing the attorney's con-
duct it is required 'that every effort be made to elimi-
nate the distorting effects of hindsight, to reconstruct
the circumstances of counsel's challenged conduct, and
to evaluate the conduct from counsel's perspective at
the time.' " Id., quoting *Strickland* v. *Washington,*
supra, 689. The second component of the *Strickland*
test requires that the petitioner demonstrate that coun-
sel's lack of competency contributed to his conviction.
*Levine* v. *Manson,* supra. The petitioner must show that
"there is a reasonable probability that, but for coun-
sel's unprofessional errors, the result of the proceed-
ing would have been different." *Aillon* v. *Meachum,*
211 Conn. 352, 559 A.2d 206 (1989). A "reasonable
probability" is a probability sufficient to undermine con-
fidence in the outcome. Id.

The petitioner bears the burden of making both show-
ings. Id. " 'Unless a defendant [petitioner] makes both
showings, it cannot be said that the conviction . . .
resulted from a breakdown in the adversary process
that renders the result unreliable.' " *Fair* v. *Warden,*
211 Conn. 398, 402, 559 A.2d 1094 (1989), quoting
*Strickland* v. *Washington,* supra, 687.

The petitioner's first claim is that his lawyer failed
to conduct a proper investigation regarding his claim
that he had been highly intoxicated at the time of the

killing. He first contends that, if counsel had conducted a more thorough investigation, he would have uncovered additional evidence of intoxication that would have persuaded the jury that the petitioner was incapable of forming the requisite intent to commit the crime of murder. The petitioner points to two investigatory lapses, claiming that, although he gave his attorney the name of a friend, Eddie Barber, who had been with him in the bar on the date of the killing and who was willing to help locate witnesses, the attorney never contacted Barber or located any witnesses. The petitioner refers as well to his attorney's failure to contact the administrator of the victim's estate, who was proceeding with a suit under the Dram Shop Act against the cafe, in order to obtain information developed in that suit bearing on the petitioner's intoxication.

The petitioner's ruminations on what might have happened if his attorney had conducted a more thorough investigation are largely speculative. Defense counsel is not required to investigate everyone whose name happens to be mentioned by the petitioner. *Schwander* v. *Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). "Defense counsel will be deemed ineffective only when it is shown that a defendant [petitioner] has informed his attorney of the existence of the witness and that the attorney, without a reasonable investigation and without adequate explanation, failed to call the witness at trial. The reasonableness of an investigation must be evaluated not through hindsight but from the perspective of the attorney when he was conducting it." *State* v. *Talton*, 197 Conn. 280, 297–98, 497 A.2d 35 (1985).

The habeas court determined that, under the facts and circumstances of this case, trial counsel's investigation was not so inadequate as to constitute ineffective assistance of counsel. This determination is amply supported by the record. At the evidentiary hearing before the habeas court, counsel testified that his inves-

tigation of the case included review of a copy of the prosecution's entire file, discussions with the petitioner and his brother, a trip to the cafe where the killing occurred in an effort to locate an employee who might remember the petitioner, and a discussion with an attorney representing the family of the victim in the Dram Shop suit. Counsel concluded, as a result of his investigation, that the issue of intoxication would be part of the trial defense. Under these circumstances, the habeas court correctly concluded that counsel's investigation was adequate. Although counsel's investigation was apparently not broad enough to include interviews with Barber, the petitioner's friend, and with any individuals Barber might have been able to name, our review of the record persuades us that counsel nevertheless had sufficient information to conclude that additional investigation was unnecessary. See *Siemon* v. *Stoughton,* 184 Conn. 547, 557, 440 A.2d 210 (1981). Under these circumstances, we conclude that counsel's conduct fell "within the wide range of reasonable professional assistance." *Levine* v. *Manson,* supra.

The petitioner next faults his attorney for not calling the petitioner's brother, James Chace, as a witness at trial. At the habeas hearing, James Chace, an eyewitness to the killing, testified that the petitioner had been intoxicated at the time of the killing and that he, James Chace, had told the petitioner's counsel about the petitioner's intoxication. The habeas court found that James Chace's testimony regarding the degree of the petitioner's intoxication was not credible and would not have been helpful to the defense and that, thus, there was an adequate explanation for counsel's failure to call him as a witness at trial. We agree.

The petitioner's complaints that trial counsel failed to call certain witnesses are not favored because the presentation of testimonial evidence is a matter of trial

strategy. *Schwander* v. *Blackburn,* supra. "The failure of defense counsel to call a potential defense witness does not constitute ineffective assistance unless there is some showing that the testimony would have been helpful in establishing the asserted defense." *State* v. *Talton,* supra, 297. We have reviewed the record and conclude that the habeas court did not err in concluding that counsel's decision not to call James Chace as a witness was within the range of reasonable trial tactics. The record supports the habeas court's conclusion that counsel's decision was predicated upon the belief that any benefit that might have inured to the petitioner from his brother's testimony would be outweighed by the deleterious effect of other unfavorable testimony James Chace might be called upon to give. The court found, and the record reveals, that counsel reasonably opted to avoid the possibility that the jury would learn, through James Chace, unfavorable facts regarding the petitioner's words, attitude, and actions following the killing. Moreover, the habeas court noted that James Chace's testimony was inconsistent with other evidence presented at trial and judged that he was not a credible witness. Under these circumstances, we conclude that the habeas court did not err in finding that the petitioner had failed to demonstrate that counsel's decision not to call James Chace as a witness at trial failed to meet the objective standard of reasonable competence outlined in *Strickland* v. *Washington,* supra. In any event, an error on the part of counsel in failing to call a witness cannot be considered prejudicial, as affecting the outcome of the trial, when the evidence the witness would have given would have been cumulative. We reject the petitioner's claims of error.

The petitioner's third claim is that the habeas court erred in finding that no prejudice resulted from his counsel's failure to request a jury charge on the lesser offense of second degree manslaughter. At trial, after

conferring with counsel, the court charged the jury on the crimes of murder, General Statutes § 53a-54a,[2] and manslaughter in the first degree, § 53a-55 (a) (1).[3] The habeas court found that the failure of trial counsel to request a charge on second degree manslaughter; General Statutes § 53a-56;[4] failed to meet the performance standard of *Strickland* v. *Washington,* supra, but that such failure resulted in no prejudice to the petitioner. Assuming, without deciding, that the habeas court was correct in its initial determination that counsel would have been entitled to a charge on manslaughter in the second degree if he had requested it, we limit our review to considering whether counsel's failure to request such an instruction constituted ineffective assistance of counsel.

Our Supreme Court has recently held, in *Fair* v. *Warden,* supra, that counsel's failure to request a lesser

[2] General Statutes § 53a-54a provides in pertinent part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[3] General Statutes § 53a-55 provides in pertinent part: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person . . . ."

General Statutes § 53a-3 (4) defines serious physical injury as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ."

General Statutes § 53a-3 (11) defines the word "intentionally" as follows: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

[4] General Statutes § 53a-56 provides in pertinent part: "(a) A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

General Statutes § 53a-3 (13) defines the word "recklessly" as follows: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

included offense instruction does not necessarily deprive a petitioner of reasonably effective assistance of counsel. "It may be sound trial strategy not to request a lesser included offense instruction, hoping that the jury will simply return a not guilty verdict." Id., citing *State* v. *Asherman*, 193 Conn. 695, 729, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985). We conclude that the petitioner has failed to demonstrate that counsel's failure to request a jury instruction on manslaughter in the second degree was anything other than a considered choice among various reasonable trial strategies. Even were we to conclude, however, "that trial counsel's assistance was so ineffective and flawed as to have deprived the petitioner of 'counsel guaranteed by the sixth amendment' "; *Fair* v. *Warden*, supra, 407; the petitioner has not met his burden of proving prejudice under the second prong of *Strickland*. While the petitioner clings to the possibility that the jury, given the option of a second degree manslaughter charge, would have chosen to convict him of that charge, on this record we cannot conclude that this possibility was sufficiently realistic to warrant upsetting the guilty judgment. The habeas court held that the facts before the jury were such that it was not reasonable to believe that the jury would find that the petitioner did not either intend to cause serious physical injury or intend to cause death. The habeas court referred to the following evidence: (1) the fact that the petitioner slashed at the victim three times, leaving a cut across his cheek and two stab wounds in his chest; (2) the fact that the petitioner followed the victim after he staggered backwards, again slashing with the knife; (3) the fact that, after the victim called out to the petitioner to stop, the petitioner replied, "If I catch you, I'll do it again"; (4) the fact that the petitioner stood over the victim after the victim had collapsed, and then

calmly put his knife away, walked over to his car, got in and drove away. The habeas court thus decided that, even if the jury had been instructed on manslaughter in the second degree, the probability, based on the evidence, that the jury would have chosen to convict the petitioner of second degree manslaughter was not high, and therefore counsel's failure to request the charge resulted in no prejudice. We agree.

Assessment of the possibility that the jury might have chosen to convict the defendant of a lesser offense if it had been properly charged is a proper measure of whether trial counsel's failure to request a charge on a lesser offense resulted in prejudice to the petitioner. See *Fair* v. *Warden,* supra, 410. " 'An assessment of the likelihood of a result more favorable to the defendant [petitioner] must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant [petitioner] has no entitlement to the luck of a lawless decisionmaker . . . .' " Id., quoting *Strickland* v. *Washington,* supra, 695.

We have reviewed the record and agree with the habeas court's assessment of the relative likelihood that the petitioner might have been found guilty of manslaughter in the second degree instead of murder. Intent may be inferred from the conduct of the accused. *State* v. *Cofone,* 164 Conn. 162, 164, 319 A.2d 381 (1972). " ' "An intent to cause death may be inferred from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading to and immediately following the death." ' " *State* v. *Chace,* supra, 105, quoting *State* v. *Zdanis,* 182 Conn. 388, 396, 438 A.2d 696 (1980), cert. denied, 450 U.S. 1003, 101 S. Ct. 1715, 68 L. Ed. 2d 207 (1981). In this case, the evidence strongly pointed to the likelihood that the petitioner intended either to cause serious physical injury or death. While engaged in a fist fight with the victim,

the petitioner drew from his belt a knife with a blade over four inches long. The petitioner slashed the victim three times, leaving a cut across his cheek and two stab wounds in his chest. The first chest wound was one and one-half inches deep. The second was four inches deep, penetrated the left lung, and involved a two inch laceration of the heart. When the victim staggered backward, the petitioner followed, continuing to wield the knife. In reply to the victim's entreaties to stop and put the knife away, the petitioner replied, "If I catch you, I'll do it again." Even assuming that the petitioner was entitled to an instruction on second degree manslaughter, and that counsel's failure to request such an instruction constitutes ineffective assistance of counsel, this strong evidence of intent to cause either serious physical injury or death renders it unlikely that a jury instructed on murder, first degree manslaughter, and second degree manslaughter would have found that the petitioner acted recklessly, rather than with intent to cause serious physical injury or death. Accordingly, we conclude that any possibility that the jury would have convicted the petitioner of manslaughter in the second degree does not amount to "a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington,* supra, 694.

The petitioner's final claim is that he was denied effective assistance of counsel because trial counsel failed to argue the evidence of his intoxication to the jury during final argument. The petitioner concedes, however, that counsel did in fact discuss the evidence of intoxication during summation. The record reveals that trial counsel argued at some length the state's failure to meet its burden of proving intent to kill, pointing in this regard to the testimony of the state's witness, the victim's friend, that the petitioner appeared to be "under the influence" at the time of the killing. Moreover, it is undisputed that counsel

argued to the jury that the evidence showed the petitioner did not have the requisite intent when he stabbed the victim. It thus appears that the petitioner's argument amounts to a claim that counsel failed to emphasize sufficiently to the jury the evidence of intoxication and its implications respecting the issue of intent.

The habeas court found that defense counsel's closing argument fell within the wide range of reasonable professional assistance. We agree. Moreover, we agree with the habeas court that there is no reason to believe that an argument in some other form or manner on the issue of intoxication would have affected the outcome in this case.

There is no error.

In this opinion the other judges concurred.