[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner in this habeas corpus petition claims his trial counsel was ineffective because: (1) he failed to adequately investigate the case; (2) he failed to present a "Look Alike" defense; (3) he failed to object to the testimony of a "surprise" witness; and (4) he failed to prosecute an appeal.
The claim of inadequate investigation fails because trial counsel had the state's file available to him and knew many of the state's witnesses. Further, he had the petitioner looking for witnesses.
Trial counsel was assured by petitioner that he would CT Page 909 locate a "Mr. Foggey" the alleged "look alike". Petitioner nor his family were able to locate "Mr. Foggey" or a picture of him so that defense failed.
Trial counsel did not move to surpress the photo array identification by the undercover officer for strategic purposes. Trial counsel was sure he could not keep out an in-court identification. He wanted to cross-examine the officer about his failure to mention earrings worn by the petitioner. He felt that would be very important to cast doubt on the officer's identification. A hearing on a motion to suppress would only alert the officer.
This Court felt trial counsel's strategy was well conceived because when the officer testified at the habeas hearing he was a most believable witness who left no doubt that he purchased narcotics from the petitioner.
Petitioner's expert failed to convince this Court that trial counsel's performance was inadequate. His criticism did not contain any reasonable assurance that the outcome would have been different had trial counsel did it his way.
The hard facts were that a very believable undercover police officer purchased narcotics from the petitioner.
The alleged surprise witness defense was at best shallow in light of the in court identification of petitioner.
The claim that trial counsel failed to prosecute an appeal fails because there was no showing by a preponderance of the evidence that counsel had a legal obligation to do so.
Trial counsel adequately advised petitioner of his right to appeal even though he did not feel it was meritorious. He advised him to get a public defender and secured an extension for him. Petitioner was knowledgable and for whatever reason failed to pursue his appellate rights.
This Court felt that petitioner's claim is based on hindsight without any reasonable likelihood that had it been done another way it would have changed anything.
The petitioner failed to sustain his burden. The petition is denied and the petitioner is not entitled to relief of any kind.
 The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, CT Page 910 376 A.2d 1108 (1977); Chace v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). To prevail on a claim of denial of effective assistance, the petitioner bears the burden of proving that the services provided him by trial counsel were not reasonably within the range of competence possessed by lawyers with ordinary training and skill in the criminal law. Levine v. Manson, 195 Conn. 636, 639, 490 A.2d 82 (1985). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98 (1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson supra, 640; Chace v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Mason, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989).
DUNN, J.