[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR PERMISSION TO WITHDRAW APPEARANCE)
The special public defender appointed to represent the petitioner in his application for a writ of habeas corpus has moved to withdraw his appearance on the grounds there is no non-frivolous claim to the allegation that petitioner's trial counsel provided ineffective assistance of counsel. Anders v. California, 386 U.S. 738
(1967); Franko v. Bronson, 19 Conn. App. 686 (1989). CT Page 11134-H
After reviewing the file including the trial transcript, the Court does not agree that all the claims made by the petitioner are wholly frivolous and denies the Motion for Permission to Withdraw Appearance of Public Defender.
The petitioner was originally charged with murder and after a trial by jury was convicted of the lesser included offense of manslaughter, 1st degree § 53a-55(a)(3). He claims his attorney rendered ineffective assistance by failing to request a charge on manslaughter, 2nd degree, § 53a-56.
Manslaughter, 2nd degree may be a lesser included offense to murder, State v. Falby, 187 Conn. 6, 28 (1982), provided the requirements of State v. Whistnant, 179 Conn. 576, 588 (1980), are satisfied. Those requirements are:
1. such an instruction is requested.
 2. it is not possible to commit the offense charged in the manner described in the information without committing the lesser offense.
 3. there is some evidence which justifies conviction of the lesser offense.
 4. the proof on the elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit a jury to reach a verdict of guilty on the lesser offense, but not on the charged offense.
In this case the petitioner testified that he had a confrontation with the victim while he (petitioner) was armed with a .45 semiautomatic pistol; that during the course of the confrontation he fired two shots into the ground to scare the victim; that as the victim ran away, he fired five more shots in the general direction of the victim; that his intent was not to kill the victim, but to insure that the victim would leave him alone; that when he fired the weapon with its semiautomatic action it kicked up and all five bullets struck the victim and that the killing was accidental.
The petitioner requested and the trial court charged on manslaughter, 1st degree, § 53a-55(a)(3), which crime has the elements of "under circumstances evincing an extreme indifference CT Page 11134-I to human life, he recklessly engages in conduct which creates a risk of death to another person and thereby causes the death of another person."
Manslaughter, 2nd degree, (§ 53a-56), has the elements of recklessly causing the death of another person. Both degrees of manslaughter are founded in reckless behavior and the same evidence which could justify conviction of manslaughter, 1st degree might conceivably be used to justify a conviction for manslaughter, 2nd degree.
Similarly, the elements differentiating the lesser offense of manslaughter, 2nd degree from the offense charged were certainly in dispute to permit a verdict of guilty of manslaughter, 2nd degree, but not on the offense charged. The nub of the petitioner's defense was that the shooting was not intentional. Could the jury have concluded that petitioner's conduct was merely reckless, while not necessarily evincing an extreme indifference to human life? The court believes it could conceivably have done so, thus the issue is not wholly frivolous.
As to the claim that trial counsel failed to adequately communicate with the petitioner by not providing him with witness' statements, that matter was resolved in March 1990, some seven months prior to trial. (See transcript dated March 12, 1990). The Court concludes that this claim is wholly frivolous.
Petitioner's claim that trial counsel failed to raise a defense of intoxication is totally unsupported in the record. None of those witnesses who testified as to his demeanor shortly after the shooting mentioned intoxication as a factor, nor was there any indication of intoxication from witnesses with him shortly before the shooting. The Court concludes that this claim is also wholly frivolous. Also, see Chace v. Warden, 19 Conn. App. 674 (1989), which held that failure to emphasize evidence of intoxication and its implications falls within the area of professional trial strategy.
For the foregoing reasons, the Motion for Permission to Withdraw Appearance is denied.
Klaczak, J. CT Page 11134-J