[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO WITHDRAW ASCOUNSEL, FILED BY PETITIONER'S ATTORNEY
I. FACTS
On May 14, 1992, the State of Connecticut prosecuted the petitioner, Sadettin Zoravali, for sexual assault in the first degree in violation of Connecticut General Statutes section 53a-70a(2), two counts of sexual assault in the fourth degree in violation of General Statutes section 53a-73a(1)a, and four counts of risk of injury to a child in violation of General Statutes section 53-21. The prosecution alleged that such violations occurred between March 1 and May 23, 1991 at Clinton Avenue, New Haven, Connecticut.
On May 28, 1992, the jury found the petitioner guilty of one count of sexual assault in the fourth degree and one count of risk of injury to a child.
On July 24, 1992, the court (Maioco, Jr., J.) sentenced the Petitioner to a ten year prison term, execution suspended after six years, and to five years probation. The Appellate court subsequently upheld the petitioner's conviction. See State v. [Zoravali]Zorvali, 34 Conn. App. 428, 644 A.2d 921 (1994).
On December 9, 1994, the petitioner filed a pro se petition for writ of habeas corpus, alleging that he had received ineffective assistance of counsel during his trial.[1]
CT Page 1287-PPP
As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender has concluded that there is no non frivolous argument in support of the petitioner's claim. Consequently, the special public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
In response, the petitioner has filed an objection to the special public defender's motion and memorandum to withdraw. The Court has reviewed petitioner's objection. Petitioner, however, has failed to raise any non-frivolous issues in support of his objection.
II. DISCUSSION
The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738, 744-45
(1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California,
supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
A. Petitioner's Ineffective Assistance of Counsel Claim
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut CT Page 1287-QQQ constitution. The right to counsel is the right to effective assistance of counsel. . . ." (Citations omitted.) State v. Mason,186 Conn. 574, 577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation Commissioner of Correction v. Rodriguez,222 Conn. 469, 478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington,
supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Stricklandv. Washington, supra, 690; Fair v. Warden, 211 Conn. 398, 402-03,559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280, 297,97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[2] Strickland v. Washington, supra, 689; Quintana v.Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
In the present action, the petitioner asserts that trial counsel failed to call four witnesses and failed to properly challenge the credibility of two testifying witnesses. Courts, CT Page 1287-RRR however, do not favor allegations that trial counsel failed to call certain witnesses because the presentation of testimonial evidence is a matter of trial strategy. Chace v. Bronson, 19 Conn. App. 674,680-81, 564 A.2d 303 (1989) citing Schwander v. Blackburn,750 F.2d 494, 500 (5th Cir. 1985). "The failure of a defense counsel to call a potential defense witness does not constitute ineffective assistance of counsel unless there is some showing that the testimony would have been helpful in establishing the asserted defense." State v. Talton, 197 Conn. 280, 297, 497 A.2d (1985).
The special public defender states that he has reviewed the trial transcript and counsel's file. Furthermore, he states that he had met with the petitioner on two occasions to discuss the petitioner's ineffective assistance of counsel allegations, and that he has spoken with the attorney who represented the petitioner at trial. The special public defender has concluded that trial counsel's file demonstrates that counsel thoroughly investigated the factual basis for the charges, including the complainant's reliability and credibility. The special public defender has also concluded that trial counsel dispatched an investigator's investigate the neighborhood to interview any persons who may have known the complainant, her mother, or the petitioner or anyone who may have had information concerning the allegations against the petitioner. As evidence of these investigations, the special public defender has provided specific episodes of trial counsel's and/or the hired investigator's attempt to identify, locate, and interview people the petitioner maintained would be helpful in his defense. After examining trial counsel's performance in light of the issues raised by the petitioner, the special public defender concluded that the petitioner's ineffective assistance of counsel claim is frivolous.[3]
Furthermore, the trial transcript reveals that defense counsel attempted to challenge the complainant's credibility on cross examination and attempted to impeach the state's corroborating witnesses by eliciting inconsistencies in what the complainant told these witnesses. Obviously, trial counsel would not have been able to conduct such cross examination without performing an adequate investigation.
Moreover, trial counsel theorized that the father and step-mother had a motive to lie about the allegations occurring to the complainant while in the care of the custodial mother, since the father and custodial mother were engaged in an ongoing custody battle. In keeping with this theory, trial counsel determined that CT Page 1287-SSS any testimony casting a negative light on the complainant's mother would hurt the petitioner because the petitioner was intimately tied to the household. Consequently, trial counsel opted not to call any witnesses who would testify as to the complainant's mother's poor character if those witnesses could not testify about the specific allegations of the complaint or about the complainant's credibility.
Trial counsel's decision to call or not call certain witnesses "fell within the amorphous zone known as trial strategy or judgment calls. . . ." (Citation omitted; internal quotation marks omitted.) Summerville v. Warden, 29 Conn. App. 162, 176,614 A.2d 842, cert. granted on other grounds, 224 Conn. 918, 617 A.2d 172
(1992). Based on all the documents filed, and on the trial record, this Court finds that trial counsel's representation was reasonably competent and, as a result, there are no non-frivolous issues before this Court.
Based on the analyses' and findings above, this Court grants the special public defender's Motion to Withdraw as counsel for the petitioner.
BY THE COURT,
Hon. Jonathan J. Kaplan