[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SPECIAL PUBLIC DEFENDER'S MOTION TOWITHDRAW AS COUNSEL
I. FACTS
The State of Connecticut prosecuted the petitioner, Michael CT Page 2401 Ricketts, for murder in violation of Connecticut General Statutes § 53a-54a. At trial, the State presented sufficient evidence to find that the petitioner caused the death of the victim on July 25, 1991. Defense counsel, therefore, attempted to lessen the charge by raising the affirmative defense that the petitioner had acted under the influence of an extreme emotional disturbance pursuant to General Statutes § 53a-54a(a).[1]
On November 25, 1992, a three judge panel convicted the petitioner of murder, and on February 3, 1993, the panel sentenced, the petitioner to forty years in prison. The appellate court subsequently upheld the petitioner's conviction. See State v.Ricketts, 37 Conn. App. 750, 659 A.2d 188 (1995).
On April 29, 1994, the petitioner filed a pro se petition for writ of habeas corpus, alleging that he had received ineffective assistance of counsel during his trial.[2]
As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender has concluded that there is no non-frivolous argument in support of the petitioner's claim.
Consequently, the special public defender has filed a motion and supporting memorandum to withdraw, requesting the court to withdraw the appearance of all public defenders.
II. DISCUSSION
The right to appointed counsel is available only where there is a non frivolous claim. Anders v. California, 386 U.S. 738, 744-45
(1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California, supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California, supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California, supra, 744-45; State v. Pasucci, supra, 386. CT Page 2402
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
A. Petitioner's Ineffective Assistance of Counsel Claim
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. . . ." (Citations omitted.) State v. Mason, 186 Conn. 574,577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correction v. Rodriguez, 222 Conn. 469,478, 610 A.2d 631 (1992).
The Connecticut Supreme Court has adopted the two pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington, supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." StricklandCT Page 2403v. Washington, supra 690; Fair v. Warden, 211 Conn. 398. 402-03,559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280, 297,97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[3] Strickland v. Washington, supra, 689;Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
In the present action, the petitioner asserts that trial counsel was ineffective because she failed to call witnesses to testify to the petitioner's mental state at the time of the crime. Specifically, the petitioner contends that trial counsel should have called the Chief Public Defender of Waterbury who arrived at the police station several hours after the petitioner, a commissioner who arrived at the station several hours after the petitioner and an investigator from the Public Defender's Office who was present while the attorneys from the Public Defender's Office interviewed the petitioner subsequent to the arrest and during the Office's representation of the petitioner.
After reviewing the trial transcript, the special public defender's memorandum and the appellate court's decision, this Court finds that trial counsel's failure to call the above named witnesses does not constitute ineffective assistance of counsel.
At trial, counsel attempted to prove that the petitioner suffered from extreme emotional disturbance at the time of the crime through the testimony of Dr. Griffith, a psychiatrist. Dr. Griffith testified that he had examined the petitioner and had formed an opinion within reasonable and medical certainty that the petitioner was exposed to an extreme emotional state on July 25, 1991, the date of the crime. (See trial transcript, November 24, 1992. p. 14-15). In forming this opinion, Dr. Griffith mainly relied upon information provided by the petitioner as to the circumstances leading up to the crime.
Trial counsel also called the petitioner's mother and father who had seen the petitioner within hours after the crime to testify that petitioner was in a state of extreme emotional disturbance. (See trial transcript, November 18, 1992, p. 148 187-88; trial transcript, November 19, 1992, p. 60-62 88).
The prosecution offered contradictory testimony by the surviving victim and neighbors who witnessed the petitioner after the incident. (See generally trial transcript, November 18, 1992). CT Page 2404 Such testimony demonstrated that the petitioner was not in an emotional state. Rather, the evidence established that petitioner was aware and concerned as to the well being of the victim after the incident occurred.
Both the trial and appellate court held that the defendant had failed to meet its burden of proving extreme emotional disturbance.
The testimony from the witnesses that the petitioner contends should have been called would, at best, have been cumulative. These witnesses could only have testified to the petitioner's emotional state while he was being held in custody. They could not have testified to the petitioner's emotional state at the time of the incident. Furthermore, Dr. Griffith testified that he did not need to talk to witnesses in forming his opinion about the petitioner's emotional state. This Court finds, therefore, that the trial counsel did a reasonably competent job in attempting to prove that the petitioner suffered from an extreme emotional disturbance at the time of the crime.
Moreover, courts do not favor allegations that trial counsel failed to call certain witnesses because the presentation of testimonial evidence is a matter of trial strategy. Chace v.Bronson, 19 Conn. App. 674, 680-81, 564 A.2d 303 (1989) citingSchwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985). "The failure of a defense counsel to call a potential defense witness does not constitute ineffective assistance of counsel unless there is some showing that the testimony would have been helpful in establishing the asserted defense." State v. Talton, 197 Conn. 280,297, 497 A.2d ___ (1985).
Trial counsel's failure to call certain witnesses constitutes trial strategy, which should be given great deference by the reviewing court. The petitioner has failed to show how these witnesses would have helped in asserting the defense of extreme emotional disturbance. Petitioner's ineffective assistance of counsel claim, for failure to call certain witnesses, is frivolous.
Petitioner's remaining claims are also frivolous. The petitioner has failed to point out any evidence to substantiate his claim that the attorney's work load resulted in her inability to work effectively on the case. Similarly, petitioner presents no evidence that there was ineffective communication between himself and his attorney prior to trial, during trial or in handling the issues he wanted brought forth. Moreover, the trial transcript CT Page 2405 reveals that even if these allegations were true, counsel adequately represented the petitioner at trial.
Therefore, it is the finding of this Court that trial counsel's representation of the petitioner was reasonably competent. This Court further finds that there are no non-frivolous issues before the court. Accordingly, this Court grants the special public defender's motion to withdraw as counsel. No new counsel will be appointed to represent petitioner.
Petitioner may withdraw his petition, or he may proceed, prose.
BY THE COURT,
Hon. Jonathan J. Kaplan Administrative Judge