[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Robert Littlefield, (The Petitioner) seeks a new trial on the grounds of ineffective assistance of counsel.
The Petitioner pleaded guilty on file CR 94-53505 to one count of Arson First Degree in violation of C.G.S. § 53a-111(a)(i); one count of Reckless Endangerment in violation of C.G.S. § 53a-63; and one count of Risk of Injury to a Minor in violation of C.G.S. § 53-21. CT Page 14085
On a second file CR 94-53404, on the same date February 9, 1995, the Petitioner pleaded guilty to one count of Sexual Assault in the Second Degree in violation of C.G.S. § 53-21; and Sexual Assault in the Fourth Degree in violation of C.G.S. § 53-73a(a)(i)(a). (See Exhibit 1 pp. 3-4).
Pursuant to a plea bargain agreement on March 2, 1995 on an agreed recommendation, the petitioner was sentenced on the first file CR 94-53505 for the charge of Arson, 25 years suspended after serving thirteen years of incarceration with five years probation, for Reckless Endangerment: one year of incarceration; for Risk of Injury: one year of incarceration; on the second file CR 94-53404 for the charge of Sexual Assault: ten years suspended after three years with seven years probation with special conditions as outlined on the first file. The sentences imposed were concurrent. The total effective sentence agreed upon was 25 years suspended after serving thirteen years with probation for a total of seven years. The conditions of probation "will be that you cooperate with the probation office in any sex offender treatment or counseling program they recommend for you and that you cooperate with that office in any psychological or psychiatric treatment or program they recommend for you and that you initiate no contact with the victim and or the victim's parents in this case." (Exhibit 2 page 9).
The petitioner alleged that he entered his guilty plea because his attorney, William Paetzold (Paetzold) an assistant public defender represented to him that he would only have to serve 2-2 1/2 years and that he would be eligible for a hardship transfer to the petitioners home state of Maine. (Para. 7, Amended Petition). Petitioner further asserts that his confession was coerced as to the Arson charge because he was kept in a cold cell without adequate clothing, or blankets and that he was subjected to additional abuse such that he was forced to sign a confession. (Para. 9 Amended Petition). In Paragraph 10 and 11 of the Amended Petition, the Petitioner asserts that his confession was not given voluntarily and knowingly in that his metal state (sic) at that time did not meet the criteria of giving a knowingly and voluntary confession. Paragraph 12 asserts the claim for ineffective assistance of counsel in that his trial counsel Paetzold, "did not move to suppress the confession based upon the Petitioner's allegations of coercion." The Petitioner argues essentially that he had ineffective assistance of counsel because Paetzold did not file a motion to suppress his confession CT Page 14086 which led him to enter into a plea bargain.
The Petitioner argues that he was prejudiced because he felt compelled to accept the plea bargain since he had given two confessions to the charges against him. He now claims that the confessions were coerced and but for his trial counsel's failure to file a motion to suppress he never would have entered into a plea bargain.
The petitioner at trial called Det. Don Skews (Skews) who took both the confessions. Skews testified that Littlefield came to him as the Juvenile officer at the Vernon Police Department and that Skews served as a Detective as well. Littlefield discussed his problem of his masturbating with his girlfriend's son and the sexual assaults as related later in Littlefield's confession. (Exhibit B). At first Skews did not have Littlefield under arrest but later obtained an arrest warrant. The factual basis for the arrest in the signed confession dated February 21, 1994 admits to acts of masturbation with his girlfriend's child. Littlefield was given a rights form (Exh. 3) after he was taken into custody for the initial sexual assault crimes. On February 23, 1994, Littlefield came in for the Second Confession regarding the Arson charge. He was given the same rights.
During the course of giving the confession, Littlefield received a call from Paetzold who advised him not to say anything to the police and he would see him at his arraignment in the morning. Skews was preparing Littlefield to be returned to his cell but Littlefield said he wanted to finish his statement and knew it was against advise of his attorney (Exh. D).
Paetzold testified he was surprised to learn the next day at the arraignment from the State Attorney that Littlefield had given two confessions one concerning the Sexual Assault and the other concerning the Arson for which he was arraigned on the second warrant March 10, 1994. Paetzold denied that between February 1994 and March 1995 that the petitioner ever mentioned to him about being coerced. Paetzold testified he received many letters from Littlefield and he had always advised him to plead not guilty. The State made several plea bargain offers. The first offer being 35 years suspended after twenty with 15-20 years probation. Littlefield wrote Paetzold a letter (Exhibit E) in which he indicated he wanted to accept the offer of the State because if he went to trial he would lose. CT Page 14087
Ultimately, Littlefield pleaded guilty after a pre-trial recommendation of Judge Sferrazza and canvassed after a plea bargain agreement reached (Exh 2) unchallenged by the petitioner until now. Paetzold denied that he even discussed the time imposed by the sentence because he could not speculate since the amounts of time served was constantly being changed percentage wise.
Paetzold testified that a challenge to the confessions could have been made up to fifteen days of a pre-trial, but Littlefield had already shown an interest in pleading out to avoid a trial and the uncertainly of a sentence.
Paetzold advised Littlefield of what rights he was giving up. Littlefield never complained to Paetzold of treatment by police.
The petitioner was evaluated by Dr. Selig, a psychiatrist who declared Littlefield competent and concluded that he was competent to enter into his plea bargain. Dr. Selig's report indicated that Littlefield made his confession because his girlfriend told him that he should confess so that he could get psychiatric help.
Paetzold testified that he never heard that Littlefield was coerced to make the confession. Paetzold further testified there was other evidence linking Littlefield to the arson at his dwelling place from other witnesses. Paetzold even suspected a letter from Littlefield's girlfriend linking him to the arson.
From the evidence adduced at trial, the court concludes Paetzold did not advise the petitioner he would serve 2 to 2 1/2 years and be transferred to Maine. Littlefield was advised his custody was in the hands of the Department of Corrections. The respondent argues:
 "To prevail in a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must show both deficient performance and prejudice. To establish deficient performance, a petitioner must show that any errors made by counsel were "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052
(1984).
Moreover, if the petitioner proves deficient performance, CT Page 14088 he then must show that the deficiencies resulted in prejudice. In guilty plea cases, prejudice established when the petitioner shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). "In many guilty plea cases, the `prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial."
In this case, petitioner by letter showed interest to plead guilty the reasons he set forth in his letter of September 14, 1994 (Exh. E).
The respondent further argues
 [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 90 S.Ct. 1441 (1970)]
Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).
The petitioner argues now that he pleaded because of his two confessions that were coerced that should have been suppressed and that he never would have pleaded guilty. As pointed out in the decision, the more credible evidence is that his issue was not brought to the attention of counsel and that he had additional time before trial to make such motions. The petitioner now, in retrospect, claims ineffective assistance of counsel after a finding by Judge Klaczak that his plea was entered knowingly and voluntarily. The prosecutor in relating the factual basis for his charge of Arson informed the court that Littlefield made a full confession.
In reviewing the claim [of ineffective assistance of counsel], this court "`must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable CT Page 14089 professional assistance; that is, the defendant must overcome the presumption that, under these circumstances, the challenged action "might be considered sound trial strategy.'" Levine v. Manson, supra, 640; see also Chace v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989). In assessing the petitioner's claim, this court must make every effort to "`eliminate the distorting effects of hindsight to reconduct, and to evaluate the conduct from counsel's perspective at the time.' Strickland v. Washington, supra [689]." Levine v. Manson, supra; see also Valeriano v. Bronson, supra, 87. See Magnotti v. Meachum, 22 Conn. App. 669, 674, 675.
The court concludes that the petitioner in this case has not persuaded the court that the confessions were coerced; that the petitioner pleaded guilty because of any failure on the part of counsel to move to suppress the confession; that the petitioner was misled by representations of counsel as to the amount of time or the place he would be required to serve his sentence. The petitioner has failed to overcome the presumption that counsel's conduct fell within the wide range of reasonable assistance.
Accordingly, petition is denied.
Frank S. Meadow Judge Trial Referee