[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Petitioner, Ricky Lee Barnett, brings this petition for writ of habeas corpus alleging ineffective assistance of counsel.[1] The facts of his underlying conviction are set forth in State v. Barnett,53 Conn. App. 581 (1999). In his petition, the petitioner claims that trial counsel was ineffective because he failed to do an adequate investigation and failed to adequately cross-examine several of the state's witnesses.
"In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must show (1) that his attorney's performance was so deficient and his errors so serious that counsel was, in effect, not functioning as counsel, and (2) that those errors functioned so as to deprive the defendant of a fair trial." Chace v. Bronson,19 Conn. App. 674, 677 (1989); Quintana v. Warden, 220 Conn. 1, 4
(1991). There is a strong presumption that trial counsel's performance was reasonably competent and judicial scrutiny must be "highly deferential." Quintana, supra at 5. The burden is on the petitioner to demonstrate that trial counsel was ineffective. Id. The petitioner has failed to meet his burden in this regard and the petition is denied.
The petitioner's first claim is that his trial counsel failed to do an adequate investigation. The proper measure of counsel's duty to investigate is whether it was reasonable under the circumstances.Strickland v. Washington, 466 U.S. 668, 691 (1984). In this case, although trial counsel was not able to procure an independent investigator, trial counsel himself undertook an investigation that was more than adequate under the circumstances. He had access to the state's file, which he reviewed, and he conducted the investigation personally, including interviewing numerous witnesses that had been suggested by the petitioner himself. Moreover, there was a co-defendant with the same interests as the petitioner's and trial counsel kept in contact with that co-defendant's counsel and was kept apprized of their investigation. In light of all the evidence presented, the court finds that the petitioner CT Page 1538 has failed to meet his burden on this claim.
The petitioner's next claim is that trial counsel's cross-examination was inadequate. The court, however, has reviewed the trial transcripts and together with the testimony of trial counsel, finds that trial counsel's cross-examination of the state's witnesses was more than adequate. Trial counsel testified that he made a tactical decision not to delve into certain areas on cross-examination. The court credits this testimony and further finds that those decisions were sound and thus "virtually above reproach." Strickland, supra, 690. See also, Fair v.Warden, 211 Conn. 398, 407 (1989). In sum, the court finds that counsel's representation of the petitioner was more than adequate under the circumstances.
For all the foregoing reasons, the petitioner has failed to meet his burden and the petition for writ of habeas corpus is denied.
Jack W. Fischer, Judge