ALAN W. HERBERT *v.* JOHN R. MANSON,
COMMISSIONER OF CORRECTION
(12020)

PETERS, C. J., HEALEY, DANNEHY, CALLAHAN and STOUGHTON, Js.

Argued February 13—decision released March 18, 1986

*Michael O. Sheehan,* for the appellant (petitioner).

*C. Robert Satti, Sr.,* state's attorney, with whom, on the brief, was *Michael L. Regan,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. The sole issue on this appeal is whether the petitioner has established that his conviction of the crimes of sexual assault in the first degree and kidnapping in the second degree should be overturned because of ineffective assistance of counsel.[1] The petitioner,

---

[1] In the underlying criminal case, the petitioner was sentenced, on April 2, 1979, after a joint trial on assault and kidnapping. On the first of these

Alan W. Herbert, filed a petition for a writ of habeas corpus alleging incompetence on the part of his retained counsel. The trial court, after an evidentiary hearing, dismissed the petition but granted the petitioner's request for certification to permit his appeal to this court. We find no error.

The petitioner claims on appeal, as he did in the trial court, that in defending the criminal action, his counsel should have moved to suppress a dart seized by the Groton police, without a warrant, from the petitioner's automobile.[2] Alleging that the dart was a critical element in the state's case, because it tended to link him to the scene of the assault, the petitioner maintains that the failure to file a suppression motion constituted ineffective assistance of counsel. Such ineffective assistance, according to the petitioner, deprived him of his constitutional rights under the sixth and fourteenth amendments to the United States constitution.

The principles that govern claims of ineffective assistance of counsel have recently been fully articulated, both by this court and by the United States Supreme Court. In order to establish his claim for a new trial, a petitioner must make a two-fold showing: (1) that his

informations, he was sentenced to confinement of not less than four years nor more than eight years, while on the second, he was sentenced to not less than eight years nor more than sixteen years, suspended, and probation for five years. After the trial court's decision on the petition for habeas corpus, the petitioner withdrew his appeal from his criminal conviction.

The petitioner was in custody at the time he filed his petition for habeas corpus. Although he was discharged from parole on the assault charge on December 23, 1983, this appeal is not moot. In attacking the legality of his conviction, the petitioner has stated a claim that survives his release from incarceration and parole. *Carafas* v *LaVallee,* 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968).

[2] In the trial of his habeas petition, the petitioner advanced two additional grounds in support of his claim of ineffective assistance of counsel, one alleging failure of counsel properly to investigate and to prepare the petitioner's case for trial, and the other claiming impropriety in counsel's introduction of the petitioner's handgun into evidence. Because these additional grounds do not appear in the petitioner's amended preliminary statement of issues and were not briefed, we need not consider them.

counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial. *Strickland* v. *Washington,* 466 U.S. 668, 688, 694–95, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984); *Levine* v. *Manson,* 195 Conn. 636, 639–40, 490 A.2d 82 (1985); *Williams* v. *Manson,* 195 Conn. 561, 564, 489 A.2d 377 (1985).

The trial court in this case concluded that the petitioner had failed to prove that his trial counsel had been ineffective. The court expressly found, with respect to the admissibility of the dart, that the Groton police had discovered the dart "in plain view on the floor of the petitioner's automobile while checking the windows on the driver's side of the car, with the permission of petitioner's wife." The petitioner's own expert had testified that an object seized in such circumstances would be admissible. This expert also acknowledged that he had not read the entire transcript in the criminal case,[3] and that, in replying critically to three discrete hypothetical questions posed to him at the habeas hearing, he did not undertake to express any opinion whatsoever about the overall adequacy of counsel's representation of the petitioner at the criminal trial. The respondent's expert testified that, in his opinion, counsel's performance at trial was within the range of competence displayed by lawyers of ordinary training and skill. On this state of the record, the trial court correctly determined that the petition for habeas corpus should be dismissed.

There is no error.

---

[3] The transcript of the criminal case, in which the petitioner was jointly tried for sexual assault and kidnapping, was not made an exhibit in the habeas case.