[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas petition initially filed on June 16, 1987. The matter has been pending on the habeas docket for a substantial period of time for various reasons, including the fact that the petitioner has been represented in this matter by six different attorneys, the matter was withdrawn on January 4, 1991 by stipulation and later restored, and the petitioner has been discharged from his sentence. The petitioner alleges, by way of a Third Amended Petition dated September 4, 1995, that at the time he filed his initial petition he was an inmate in the custody of the Commissioner of Corrections serving a sentence imposed on him, and that his confinement was unlawful on the basis of his claim that he was rendered the ineffective assistance of trial counsel. While the petitioner alleges several acts or omissions which he asserts constitute deficient performance by counsel, the heart of his claim is that his trial counsel failed to perfect his appellate rights. On March 29, 1996, the court conducted an evidentiary hearing at which the petitioner testified and documentary evidence was admitted, including a transcript of the petitioner's underlying criminal trial procedures. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
Following a jury trial on April 11, 1985 in the Superior Court, Judicial District of Waterbury, the petitioner was convicted of the offense of Burglary in the 3rd Degree, in violation of Connecticut General Statutes § 53a-103. The petitioner thereafter entered a guilty plea to the charge of being a persistent felony offender in violation of C.G.S. §53a-40. On May 24, 1985, the petitioner was sentenced to a total effective sentence of ten years suspended after seven years of confinement to be followed by five years of probation.
At the time this petition was filed, the petitioner was an inmate in the custody of the Commissioner of Corrections. CT Page 6093
The petitioner was discharged from his sentence on September 15, 1989.
In the underlying criminal proceedings, the petitioner was represented by Assistant Public Defender Sheridan Moore. At the time of his sentencing on May 24, 1985, the petitioner was informed of his right to appeal as well as his right to sentence review. The petitioner timely informed Attorney Moore of his desire to appeal his conviction.
Notwithstanding his request to counsel that his appellate rights be pursued and his right to counsel on appeal, Attorney Moore neglected to file an appeal on behalf of the petitioner. As a consequence, no appeal of the judgment in this matter was filed on behalf of the petitioner.
During these habeas proceedings, the respondent Warden has acknowledged, and the court finds, that the petitioner's appellate rights were not perfected by his trial counsel.
In order to prevail on an ineffectiveness claim, the petitioner must satisfy the habeas court that his trial counsel's performance was ineffective and that he was prejudiced by counsel's deficiencies. Strickland v. Washington, 466 U.S. 668
(1984); Johnson v. Commissioner, 218 Conn. 403 (1991). The court finds that counsel's failure to secure the petitioner's appellate rights was deficient. Additionally, the failure of trial counsel to perfect the petitioner's appellate rights satisfies the requirement that the petitioner must demonstrate prejudice in order to obtain habeas relief. Bunkley v. Commissioner, 222 Conn. 444
(1992).
The parties agree that since the habeas petition was initially filed while the petitioner was in confinement, the fact of his subsequent discharge does not implicate the court's continuing habeas jurisdiction. The court concurs. Cf. Barlow v.Lopes, 201 Conn. 103 (1986); Herbert v. Mansen, 199 Conn. 143
(1986).
Finally, the court finds that neither the petitioner's failure to perfect his appellate rights nor the substantial delay in this matter has been the result of any deliberate manipulation of the judicial process by the petitioner. To the contrary, it appears that the petitioner was unaware for a substantial period CT Page 6094 of time that no appeal had been filed on his behalf. Cf. Petitioner's Exhibit 2, letter from petitioner to Attorney Moore, dated March 9, 1987 in which he inquires into the status of his appeal. Additionally, the court notes that the parties to this habeas action entered into a stipulation dated January 1, 1991 for the restoration of the petitioner's appellate rights. Although the stipulation was forwarded to the petitioner's (then) habeas counsel, and the matter was withdrawn on the basis of the stipulation, for reasons unknown to either the petitioner or the court, the stipulation was never forwarded to the court. It was on the basis of that failure that the matter was later restored.
The Appellate Court has recently held that upon a proper evidentiary foundation, the habeas court is authorized to restore a petitioner's appellate rights. State v. Phidd, 42 Conn. App. 773
(1996). This is such a case. Accordingly, the petition is granted to the extent that the petitioner's appellate rights are restored to him. For purposes of timeliness of his appeal, the time set for taking an appeal shall commence on the date of the filing of this Memorandum.
Bishop, J.