[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE CT Page 13109
This is a habeas corpus petition in which it is alleged that the petitioner's conviction of manslaughter with a firearm was due to the ineffective assistance of trial counsel.
The key witness in the trial was Richard Guzman who testified that the petitioner was the perpetrator.
The petitioner claims trial counsel was deficient with respect to these issues:
 1. An alleged failure to impeach Guzman by failing to call one "Nieves" and two of his female acquaintances;
 2. The failure to call Anthony Jackson who would allegedly testify about a "hit" put on Guzman for the shooting of the victim;
 3. The failure to utilize Practice Book § 40-44
(3) to preserve the testing of certain witnesses;
 4. The failure to call Officer Naedele, purportedly to testify about statements implicating Guzman;
 5. His handling at trial of hearsay evidence involving the above mentioned "hit" out for Guzman and/or the petitioner.
 STANDARD OF REVIEW
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
CT Page 13110 "The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, 376 A.2d 1108
(1977); Chance v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989)." Williams v. Bronson, 21 Conn. App. 260, 263 (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The petitioner's claims must be evaluated in light of these standards,
 DISCUSSION I
Counsel for the petitioner in his summation stated that "The whole case comes down to the Nieves statement."
To start with, there was and is no such person, but apparently a "Billy Rodriguez gave a statement to the Bridgeport police who were unaware of his true identity. That statement, (Exhibit D) given under the name of "Ismael Nieves," states that after only one prior meeting, Richard Guzman told him that he, Guzman, shot the victim in the petitioner's case. Putting aside for the moment the credibility of such a statement from one using an alias, trial counsel nevertheless tried to locate "Ismael Nieves" and even sought the prosecutor's assistance. He could not be located. He was able to locate the women who supposedly were present when Guzman admitted the shooting. They had no recollection of such an event.
Finally, counsel did locate "Nieves" a/k/a Rodriguez and interviewed CT Page 13111 him. That statement, if produced at trial, would not have helped the petitioner. First, he said his statement as to Guzman's admission was not true. Then, he related that he had had a problem with Guzman that was "business related."
Thus, even if Nieves-Rodriguez had testified, his testimony would not have been. beneficial to the petitioner.
What counsel suggested was that the statement implicating Guzman would have come in under State v. Whalen, and then he would have had to recant it. of course, the two women would also tend to negate its ever happening.
Under the circumstances, the delay in identifying Nieves and interviewing him cannot be characterized as ineffective assistance of counsel, nor can the court conclude that it is reasonably probable that this evidence would have produced a different result.
In connection with the alleged failure to call Anthony Jackson, it should be noted that the testimony he purportedly would have offered would have been excluded as hearsay.
The petitioner's premise is that Jackson would have testified that there was "a hit" put on Guzman because he shot the victim. The court cannot imagine a trial judge submitting to the jury evidence of what unknown persons "on the street" had decided to do about this shooting on their own.
Further, trial counsel testified that he did not like the idea of associating the petitioner with Jackson, nor of taking on the dubious chore of proving someone else had committed the crime.
When he was unable to locate Jackson, counsel made inquiries about him and determined he would not help the petitioner, as he was only repeating hearsay. He did list Jackson as a witness so that he could go after him with a subpoena if the trial's progress dictated using him.
The court finds nothing involving Jackson to suggest ineffective assistance and nothing that would affect the outcome of the trial.
 II
Section 40-44 (3) of the Practice Book permits the deposition in criminal cases of 1 persons whose testimony "may be required at trial and it appears to the judicial authority that such person: Will otherwise be unable to be present to testify at any trial or hearing; . . ." CT Page 13112
The petitioner has not made out a plausible argument as to how this section is relevant in this case. In his petition, he alleges trial counsel should have used this section to preserve the testimony of Jackson and Nieves. As the court has noted above, their testimony was of no value to the plaintiff, had they appeared at trial.
Even if the testimony were relevant, it is unclear how trial counsel could depose Nieves who was really someone else and how he could get a judge to grant a motion under this section for such speculative material.
 III
The petitioner also claims that trial counsel should have called Officer Naedele to testify as to the statements given by Nieves and Jackson.
These statements are hearsay at best and in the case of Nieves (Rodriguez), the statement was recanted and shown to be false.
The Jackson statement has no substance, in rumor at best. Both statements strike this court as the product of two street wise opportunists attempting to get on the good side of the police without putting themselves "on the spot."
 IV
The petitioner further criticizes trial counsel for failing to object to hearsay testimony from Detective Texiera to the effect that there was a "hit" out for the petitioner and Guzman because their shooting of the victim, a drug buyer, was "bad for business" and attracted a lot of police activity. This was the same evidence, as to Guzman, which the petitioner criticized counsel for not introducing through Jackson
However, the petitioner had already told the police that there was a "hit out" on him and his statement was read to the jury. As to Guzman, allowing this to come in would seem to suggest Guzman's involvement and could have weakened his accusation of the petitioner.
At any rate, the subject in question is on a minor point and could hardly be said to affect the outcome of the trial.
 CONCLUSION
The petitioner has questioned the effectiveness of his trial counsel, CT Page 13113 much of the criticism being directed at trial tactics and decisions.
The court finds defense counsel tried a good case and was justified in proceeding on the theory that the witness he had (Carlos Lopez) would have an impact on the jury and his client would be found not guilty. The court endorses his trial strategy and feels it was sound under all the circumstances.
The petitioner has not met his burden under the Strickland case to show ineffective assistance of counsel. And, even if all else is put aside and one adopts the petitioner's allegations of his counsel's short comings, the sum total of all the claims advanced by him do not indicate the existence of a body of evidence which would have produced a different result at trial. Stated another way, the petitioner hasn't demonstrated that the "missing" evidence and other alleged failures were the cause of his being convicted.
The petition is denied and judgment may enter for the respondent.
 Anthony V. DeMayo Judge Trail Referee