[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
In his Habeas Corpus Petition, the petitioner seeks to overturn his convictions of assault in the first degree, attempted assault in the CT Page 4200 first degree and carrying a pistol without a permit.
On February 15, 1995, he was sentenced and received a total effective sentence of 15 years and 3 years probation.
In this proceeding, he alleges ineffective assistance of counsel, claiming that but for the professional errors committed by his trial counsel he would not have been convicted. The specific allegations of ineffective assistance are set forth in Paragraph 6 of the petition as follows:
"a. By failing to advise the Petitioner of the evidence against him and the State's burden of proof and the consequences of his decision to go to trial;
b. By failing to conduct an adequate pretrial investigation into Petitioner's allegations that one of the alleged victims who testified against the Petitioner was arrested some 10 months after petitioner's arrest, on drug charges that were disposed in his favor after agreeing to give testimony against Petitioner;
c. By failing to conduct adequate pretrial investigation and interview witnesses until some 10 months after the alleged incident when most witnesses had moved away or were not found or their memories of the incident had faded;
d. By failing to discover the existence of a police report in which one of the alleged victims indicated that he did not see who shot him, which report was exculpatory to the Petitioner and was not made available until after jury selection and long after probable cause to charge the Petitioner with assault in the first degree was found."
 STANDARD OF REVIEW
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.
Our Appellate Courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims.
"The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, CT Page 4201376 A.2d 1108 (1977); Chace v. Bronson, 19 Conn. App. 674, 678,564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352,357, 559 A.2d (206) (1989)." Williams v. Bronson, 21 Conn. App. 260, 263
(1990). Further strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra).
It is with these principles in mind that the court addresses the petitioner's claims.
 DISCUSSION I
It should be noted at the outset that trial counsel was called to testify as to his representation of the petitioner. He appeared with his file — a voluminous packet of material overflowing a large red file expanding wallet style container.
Referring to case notes in this file, counsel testified in detail as to his efforts on behalf of the petitioner. In the course of his testimony, he denied and rebutted all of the allegations made against him. In particular, he read notes pertaining to the witnesses the petitioner claimed had not been interviewed. These witnesses either professed to know nothing, were prepared to testify for the state, were of "parts unknown," or would not be of help to the defense.
The allegations in paragraph 6(d) is not an accurate statement of what a victim told the police. While he did not know his name, he did refer to the "shooter" as being someone from New York — which description fit the petitioner.
The suggestion in paragraph 6(a) that the petitioner wasn't aware of the evidence against him and of the consequences of his going to trial was thoroughly discredited by trial counsel's file notes and testimony in which he described giving the petitioner the police reports and, in CT Page 4202 detail, reciting the progress of plea bargaining, in the course of which the petitioner rejected several offers which were less than the sentence he received.
The claim made to the court in the course of this hearing that trial counsel did not interpose a defense of self defense is totally without substance. It was his position that he was not at the scene and he persisted in this contention through sentencing.
Of compelling significance is the fact that in the course of this proceeding, testifying on his own behalf, the petitioner admitted that he was the person who shot the victims!
Thus, he saddled his defense counsel with a false premise at trial that only perjured testimony could support. To now suggest that counsel was deficient for not uncovering witnesses who would place him elsewhere deserves no court consideration.
The court finds the testimony of trial counsel believable, supported by his trial file, and rejects the petitioner's claims set forth above.
 II
After an examination of the exhibits from his trial and consideration of the testimony of the petitioner and trial counsel in this case, the court finds that evidence against this petitioner at that trial was overwhelming. This was almost proof beyond a shadow of a doubt and trial counsel's efforts were exemplary under the circumstances.
This petitioner virtually guaranteed his conviction by his attempts to tamper with witnesses — all carefully set forth in his own hand in Exhibits 14 and 15 (Exhibits K I from the trial).
 III
The petitioner's claims of ineffective assistance of counsel also obligate him, as noted above, to demonstrate how the alleged deficient performance prejudiced the defense.
Even if the court were to ignore completely the testimony of trial counsel, the petitioner has not come close to demonstrating that he was prejudiced by his performance at trial.
 CONCLUSION
It is the conclusion of the court that the plaintiff has not satisfied CT Page 4203 the burden of proof required of him by the Strickland case as it as been adapted by our courts.
The petition is denied and judgment may enter for the defendant, dismissing the petition.
Anthony V. DeMayo, Judge Trial Referee