[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
 STATEMENT OF THE CASE
The petitioner is presently confined as a result of his conviction in April 1994 and sentencing on May 27, 1994. He is serving an effective sentence of 10 years, suspended after 7 years and 3 years probation.
In a two count habeas corpus petition he seeks a new trial, release from confinement and "such other relief as law and justice may require."
In the first count, the petitioner alleges ineffective assistance of counsel in paragraph 5 as follows: CT Page 4824
"The Petitioner claims that said Counselor did not adequately represent the Petitioner for failure to present witnesses who would have been beneficial to the petitioner's defense to question witnesses properly and cross examine witnesses as to inconsistently, in that:
a) He failed to pursue witnesses who testified that the events alleged varied substantially from the complainant, as to where she was at the time of the alleged acts, whether called from her bedroom, from the bathroom or garbed in the hallway;
b) He failed to pursue testimony as to the claimant's school history, whether school work, hygiene and attitude was the same or different from before the allegations made by her;
c) He failed to call witnesses, Petitioner's mother and brother as to his whereabouts on Thanksgiving Day at the time that one of the alleged violations occurred;
d) He failed to recall the claimant or her mother to inquire as to why facts in dispute were given in substantial variance to various witnesses called by the State;
e) He failed to solicit information and present witnesses to testify as to other allegations the claimant had made of sexual assaults against third parties;
f) He failed to raise the constitutional rights both State and Federal, of the Petitioner, when certain evidence was excluded.
g) He failed to adequately advise the Petitioner concerning his options regarding various potential defenses.
h) He failed to conduct sufficient investigation into elements of the prosecution's proof and into the defense case.
It is then alleged that but for these errors and omissions the result of the trial would have been different and the petitioner's appeal would have been successful.
In the second count, the petitioner argues the trial judge was guilty of bias in rulings and in behavior before the jury, thereby depriving him of a fail trial.
As these allegations should be raised in an appeal and are not properly the subject of a habeas corpus petition, the second count is dismissed. CT Page 4825
 STANDARD OF REVIEW
A petitioner in a habeas corpus petition has a substantial burden to sustain to be successful.
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
 "The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, 376 A.2d 1108
(1977); Chance v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989). Williams v. Bronson, 21 Conn. App. 260, 263 (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The petitioner's claims must be evaluated in light of these standards.
 DISCUSSION
A. The petitioner testified in support of his cause and trial counsel CT Page 4826 was subpoenaed to testify. With respect to some of the petitioner's allegations, counsel had no specific recollection. However, he was positive that any witness or potential line of inquiry called to his attention would have been pursued diligently.
These allegations of the petitioner include his unsupported statement that trial counsel did not look into the information he had provided about the complainant having made false accusations against at least two other parties before she accused him. The accusations were purportedly then recanted.
The petitioner offered no evidence as to these occurrences save for his statement that they occurred and that he spoke to the accused persons. No arrests were made in these cases.
Significantly, at trial counsel sought to introduce a similar occurrence involving an accused whose case was disposed of via an accelerated rehabilitation application. He was unsuccessful, despite a vigorous argument and repeated attempts.
This court is therefore dubious of the suggestion that trial counsel would have ignored any potentially helpful evidence. Further, the court would expect the petitioner to present evidence of these episodes in this proceeding.
B. Several of the petitioner's allegations in his petition and in his testimony are directly refuted by the trial transcript.
For example, the petitioner stated that the Complainant's boyfriend first said he did not see the petitioner on the day one of the offenses occurred but later changed his story, allegedly because trial counsel permitted the state's attorney to badger the witness. The transcript reveals no such development. (Tr. P. 530).
The petitioner alleges in paragraph 5(d) that trial counsel failed to recall the complainant and her mother with respect to alleged factual discrepancies. In fact, such an attempt was made by counsel but the request was denied. (Tr. P. 720).
The court notes that the petitioner's brother gave limited testimony at the criminal trial. He offered no alibi testimony. Had the petitioner felt his brother could serve as an alibi witness for him, it would seem logical for him to have told defense counsel of that and since his brother was available, this could have been presented. He could have testified on this subject as well. (See paragraph 5(c) of the petition). CT Page 4827
 II
The petitioner has alleged other shortcomings on the part of his trial counsel but has not presented evidence to support them, nor has he been specific on some claims.
For example, in paragraph 5(f), it is alleged that counsel "failed to raise the constitutional rights both State and Federal, of the Petitioner, when certain evidence was excluded."
Therefore, the court has read the trial transcript in an attempt to evaluate the effort of trial counsel. The record is replete with counsel's vain attempts at delving into the complainant's past, her relationship with her mother, the mother's alleged motive to rid herself of the petitioner, the DCF records, prior mental health records, etc.
Seldom has this court seen such a sustained effort by a defense lawyer. While it may be argued that he alienated the trial judge, this was a jury trial and the judge did not find the petitioner guilty. Counsel's motions for a mistrial were all denied but he made cogent arguments in support of them.
Counsel was successful in having some of the complainant's records disclosed, but he faced a losing battle in most of his attempts because of privacy considerations and the rape shield statute.
It should be noted that many of the issues urged in this proceeding as acts of ineffective assistance of counsel were addressed in arguments made in the appeal of the petitioner's conviction. Though they were not resolved in his favor, that decision indicates they were given consideration by the Appellate Court.
As for the petitioner's stated concern that counsel's arguments and exchanges with the court were loud and quarrelsome, there is nothing to suggest this produced the guilty verdict or contributed to it.
 CONCLUSION
After a review of all the evidence, the court concludes that the petitioner has not met the substantial burdens imposed by the Strickland
rule.
Trial counsel was not ineffective, rather he presented an aggressive, impassioned and thorough defense in a difficult factual situation. It is no simple task to defend charges by a child when there is evidence CT Page 4828 tending to corroborate the child's story.
Having determined that counsel was effective, the court will not address the second prong of the Strickland test.
The petition is denied and judgment may enter for the respondent.
Anthony V. DeMayo, Judge Trial Referee