[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
At time of the filing of the instant petition, the Petitioner was being held in a United States Penitentiary, 601 McDonough Blvd., S.E., Atlanta Georgia.[1] Petitioner is currently serving a federal sentence. He brings this habeas action asserting his Connecticut convictions were relied upon by the United States Government in the federal criminal proceeding pending against him to enhance his federal sentence. The Petitioner however is not directly attacking the potential enhanced sentence, but instead is attacking his prior Connecticut convictions on various grounds.
The Petitioner was not in the custody of any Connecticut facility or official, nor was he on a state of Connecticut probation or parole at the time that he filed the instant petition. Furthermore, the Petitioner has not been in the custody of any Connecticut facility or official, nor has he been on a state of Connecticut based probation or parole at anytime subsequent to the filing of the instant petition.
The Petitioner objected to the instant motion to dismiss and was herd, through counsel at the April 2, 2002, oral argument.
On January 15, 2002, the Respondent filed a motion to dismiss the instant action, asserting that this Court is without subject matter jurisdiction for reason that the Petitioner was not in the custody of a Connecticut Facility or a Connecticut official and therefore requested relief is beyond the jurisdiction of the habeas court.
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
CT Page 4233 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
 (4) the claims asserted in the petition are moot or premature;
 (5) any other legally sufficient ground for dismissal of the petition exists.
 In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . . Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 548, 447 A.2d 406 (1982)." (Internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp. , 246 Conn. 594, 608, 717 A.2d 713
(1998).
 Thomas v. West Haven, 249 Conn. 385, 392 (1999).
It is undisputed that at the commencement of the instant action, the Petitioner was not in the custody of a Connecticut facility or a Connecticut Official.
"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137-38. The federal habeas statute[2] gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "in custody in CT Page 4234 violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) Maleng v. Cook, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. Vincenzo v. Warden, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466,[3] a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also Tracy v. Johnson, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("`[i]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective'"). (Emphasis added)
Ford v. Commr. of Correction, 59 Conn. App. 823, 826
(2000).
It is well settled law in this state that a petition for a writ of habeas corpus is not necessarily rendered moot by the expiration of the Petitioner's sentence, if said appeal was timely filed.
 It is clear that a petition for a writ of habeas corpus, if filed while the petitioner is in custody, is not rendered moot by the expiration of the petitioner's sentence. See Barlow v. Lopes, supra, 201 Conn. 105 n. 2; Herbert v. Manson, supra, 199 Conn. 143-44 n. 1. The expiration of a petitioner's sentence prior to a dispositive decision by the habeas court does not render his claims moot. Haynes v. Bronson, 13 Conn. App. 708, 710-11, 539 A.2d 592
(1988). In attacking the legality of his conviction in a habeas corpus action, the petitioner's claim survives his release from incarceration. Id.; see also Barlow v. Lopes, supra, 105 n. 2; Herbert v. Manson, supra, 143-44 n. 1.
 Smith v. Commit of Correction, 65 Conn. App. 172, 176
(2001).
The doctrine of collateral consequences now shields from mootness an appeal challenging a criminal conviction even when the appellant has served the CT Page 4235 sentence imposed.
Carr v. Woolwich, 17 Conn. App. 405, 411 (1989).
In order for a habeas court to have jurisdiction over a habeas matter, the Petitioner must be "in custody". See Ford, Supra. In the instant action the Petitioner was not in the custody of a Connecticut facility or official, or on a Connecticut based probation or parole at the time of the filing of said petition. Therefore, this Court does not have jurisdiction to grant the Petitioner the relief that he seeks. The motion to dismiss is granted.
Richard A. Robinson, J. April 8, 2002