[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
In this habeas corpus petition, the allegation of ineffective assistance of counsel was originally based on the theory that petitioner's trial counsel represented him while burdened by a conflict of interest. At trial, the petitioner stated that his trial counsel neglected to discuss the case with him. In his brief, it is argued that counsel was not fully prepared on several aspects of the case and that his trial strategy was deficient in that he had the petitioner testify and did not prepare him adequately.
Trial counsel died before this trial and thus was not available to defend himself However, the trial transcripts were made exhibits and have been read by the court.
 STANDARD OF REVIEW
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient CT Page 4772 performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
"The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60,376 A.2d 1108 (1977); Chance v. Bronson, 19 Conn. App. 674, 678,564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352,357, 559 A.2d 206 (1989)." Williams v. Bronson, 21 Conn. App. 260, 263
(1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The petitioner's claims must be evaluated in light of these standards.
 DISCUSSION I
The petitioner's claim that his trial counsel labored under a conflict of interest arose out of counsel's having represented a co-defendant of the petitioner prior to his undertaking the representation of the petitioner.
This fact was known to the trial court which held a hearing in which that prior representation was examined at length. Counsel discussed his representation of the codefendant, Thomas Johnson, who had confessed to the crime but had not implicated the petitioner. Counsel stated, in part: "I learned nothing about Mr. Johnson through my representation of him, that if he became an adverse witness in the case, I wouldn't already be entitled to. I learned about his criminal record. I learned about his confession in this case."
At the time of the hearing, the state's attorney had not ruled out using Mr. Johnson as a witness. CT Page 4773
The petitioner and his counsel had discussed the prior representation of Johnson and upon being asked by the court if it was still his preference to be represented by him, he responded that he did.
As it happened, Johnson was called by the state and implicated the petitioner, who argues: "That creates a conflict of interest in that inhibits his ability to investigate the codefendant and to properly cross-examine the co-defendant." (Brief, page 2).
This theory is not explained and the court does not see where this alleged inability lies. Nevertheless, the best way to evaluate this claim is to refer to the trial transcript.
In a lengthy hearing before trial, the court discussed the conflict of interest issue with the petitioner who then indicated he wished to proceed with trial counsel. He persisted in that decision even after the co-defendant was brought in and questioned by the court. What actually developed then was that any conflict of interest between petitioner's counsel and his former client Johnson was waived.
A reading of the hearing transcript indicates that the petitioner made a knowing waiver of any potential conflict of interest.
 II
Despite the conclusion above that a knowing waiver existed, the court will address the issue of whether a conflict existed, absent the waiver. In Cuyler v. Sullivan, 446 U.S. 344, 350 (1980), a petitioner's burden is stated: "he must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." (See Phillips v. Warden,220 Conn. 112, 133 (1991).
The waiver by Johnson of any potential conflict of interest effectively negated this claim of the petitioner. State v. Jennings, 216 Conn. 647,652-56 (1990).
However, reference to the trial transcript supports the respondent's contention that trial counsel's performance was unaffected by the alleged conflict under which he labored. He cross-examined vigorously Mr. Johnson and does not appear to have acted with restraint.
The court finds no evidence to support the claim that counsel's performance was adversely affected by a conflict of interest — specifically, he did not appear to be coddling Johnson at the expense of the petitioner. CT Page 4774
The petitioner has not pointed to areas of inquiry counsel ignored, to facts he could or should have developed, or to anything of consequence which could have produced a different result.
 III
In the absence of the testimony of trial counsel, the court has read the trial transcript so as to address the claims of ineffective assistance of counsel raised at trial.
It must be noted that defense counsel was confronted with substantial incriminating evidence in his trial task and the court can appreciate why the state had not been generous in the prior plea bargaining.
At this trial, the petitioner was unsure as to whether he had met with counsel before the criminal trial. At one point his response as to being visited by counsel was: "I'm not too familiar, not sure — don't believe we ever met before or after there was a continuance." He did recall being told of the state's offer of 15 years.
After reading the trial transcripts, it is the conclusion of this court that they do not reflect a lack of preparation or knowledge of the case. Rather, counsel made a good fight out of very little and performed above the level of reasonable competence.
 CONCLUSION
The petitioner has not met his burden of proof on the claims alleged and the petition is denied.
Anthony V. DeMayo, Judge Trial Referee