[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner Thomas Rogers filed an Amended Petition for Writ of Habeas Corpus claiming ineffective assistance of counsel. He alleges counsel was ineffective for the following reasons: (1) failure to do a proper investigation; (2) he failed to object to the introduction of an adoptive admission jury instruction, and; (3) he failed to advise petitioner of the legal consequences of the adoptive admission rule.
The petitioner was arrested on January 7, 1995 and charged with Murder; Conspiracy to Commit Murder; Attempt to Commit Murder; Possession of a Firearm, and Weapon in a Motor Vehicle. The petitioner was convicted on all counts. On August 30, 1996, the petitioner was sentenced to a total effective sentence of sixty years. A direct appeal was taken by the petitioner and the convictions were affirmed. State v. Rogers50 Conn. App. 467, cert denied 247 Conn. 942 (1998).
At the trial the petitioner was represented by Attorney Paul Carty, and he was presented as a witness for the petitioner in this habeas corpus proceeding. His testimony established he had extensive experience for thirteen to fifteen years in representing clients in criminal matters at the time he represented the petitioner. Attorney Carty hired an investigator, and also viewed the area where the incident took place and also sought out witnesses. At the commencement of the trial he filed motions regarding the arrest warrant of the petitioner, and he questioned the credibility of a detective and the information alleged. His trial strategy was to establish there were no witnesses who could identify the petitioner as an occupant of the vehicle involved. Based upon that theory he advised the petitioner not to testify and the petitioner agreed to that decision at the trial. He then presented the petitioner's brother as a witness to rebut the state's theory of the motive for the shooting incident. At a charge conference at the trial he took exception to the proposed charge relating to adoptive admission, although he did not note an exception to that part of the charge given by the trial judge. CT Page 12948
The petitioner contends that Attorney Carty was ineffective because he did not subpoena Detective Ralph DiNello as a defense witness to establish that there were misrepresentations in the affidavit submitted to the court for the arrest warrant. Attorney Carty did address the claims related to the alleged misrepresentations in his motion at the beginning of the trial, but the trial judge denied the motion. It is also apparent that Detective DiNello was not an eye witness to the incident, and his testimony would only relate to the contents of the arrest warrant. Witnesses were presented at the trial by the State, and any evidence from Detective DiNello would not have changed the outcome of the trial.
It is also the contention of the petitioner that Attorney Carty failed to address the adopted admission rule at the trial, and therefore the petitioner was prejudiced in his decision not to testify at the trial. The State at the trial requested the charge on the adoptive admission theory. Attorney Carty at the trial objected to the testimony of Sofira McLeod relating to the adoptive admission of the defendant. The trial judge heard the statements made in the presence of the petitioner. The trial judge admitted that evidence of adoptive admission, and that ruling was affirmed by the appellate court. State v. Rogers, 50 Conn. App. 467,484-488. The instructions to the jury in the charge were not improper, and therefore a formal objection to the charge would not have affected the results of the trial. Attorney Carty in his closing argument stated that the testimony of Sofria McLeod was not specific enough for the jury to infer that the petitioner did not adoptively admit his involvement in the crime. However, the jury could draw a permissive inference based upon the facts that had been proven at the trial. Therefore, there is no merit to the claim of the petitioner that the trial counsel was ineffective regarding the adoptive admission charge.
The petitioner testified in this proceeding that he did not testify at the trial based upon the attorney's advise, and he might have testified if he was properly advised regarding the adoptive admission evidence. However, he did not provide evidence either through his testimony or that of a legal expert that there was a reasonable probability of a different result if he did testify in the trial. Attorney Carty also testified that the charge given by the trial judge would not have changed his advice to the petitioner.
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient CT Page 12949 performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
"The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60,376 A.2d 1108 (1977); Chance v. Bronson, 19 Conn. App. 674, 678,564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at that time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trail would have been different. Aillon v. Meachum, 211 Conn. 352,357, 559 A.2d 206 (1989)." Williams v. Bronson, 21 Conn. App. 260 263, (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The petitioner's claims must be evaluated in light of these standards.
The petitioner has not sustained the burden of proving that Attorney Carty was ineffective, or that there were any errors made by the attorney which would have changed the results of the trial.
For the foregoing reasons the relief sought by the petitioner is denied and the petition is dismissed.
___________________ Howard F. Zoarski Judge Trial Referee CT Page 12950