[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
In this habeas corpus petition, the petitioner alleges ineffective assistance of counsel, as a result of which he lost approximately 96 days credit for pre-trial time served.
The alleged loss of credit occurred as a result of his having multiple charges pending in both New Britain and New London. The specific allegation against his attorney is that he failed to have the petitioner arraigned on his latest New Britain charge so that his jail time pre-trial credit did not start to run until October 12, 1999, when he was arraigned in New Britain. The petition alleges he lost this credit commencing July 6, 1999. That is the date he was arraigned in New London and met his appointed public defender for the first time.
 STANDARD OF REVIEW
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
"The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, 376 A.2d 1108
(1977); Chance v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his CT Page 16134 conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson. supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989)." Williams v. Bronson, 21 Conn., App. 260, 263 (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The petitioner's claims must be evaluated in light of these standards.
 DISCUSSION I.
Before addressing the petitioner's allegations, the court notes that as of the date of the hearing on his petition, December 12, 2002, he has been discharged on all of the sentences involved in the petition. This includes both the New Britain and the New London files.
Thus, the court cannot grant any relief to the petitioner on these files and the issues are moot. Specifically, the petitioner asks the court to vacate his conviction, to remand his case to New London, GA #10, and to release him.
He has been "released," i.e., discharged as to these files. His sentences have been served. There are no files to remand as the cases are closed and a loss of jail time credit does not warrant vacating a conviction for a sentence served.
On these facts, the court concludes that the issues raised are moot and the petition is dismissed.
 II.
Despite the ruling above, the court will address the ineffective CT Page 16135 assistance of counsel claim.
The petitioner alleges his defense counsel in the New London cases caused him to lose jail time credit by not having him arraigned promptly in New Britain.
Defense counsel testified that he made repeated attempts to have the petitioner arraigned but was unsuccessful till October. As early as August, counsel wrote his counterpart, handling the petitioner's New Britain case, and requested an immediate arraignment.
When the petitioner disposed of his New Britain case on December 6, 1999, prior to the New London disposition on December 12, 1999, that sentence became the controlling sentence. It required the petitioner to serve a year and was an agreed plea and disposition in which the petitioner participated and apparently agreed to forego any lost time claim.
Defense counsel had no voice in the New Britain plea agreement and he was in no position to attempt to address the "lost credit time" claimed. Nevertheless, he insured against any detrimental result to the petition in the New London disposition by negotiating for 9 months to serve — 3 months less than the New Britain sentence.
Absent a showing that defense counsel was responsible for the delay in having the petitioner arraigned, or that he failed to take steps available to him that would have resulted in a rapid arraignment, the court does not find counsel's representation to be deficient.
The transcript of the proceedings in New Britain may have shed light on whether or not this lost time issue was addressed there and given consideration. That item was not presented at trial.
___________________________ Anthony V. DeMayo, J.T.R. CT Page 16136