[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
In this habeas corpus petition, the petitioner alleges ineffective assistance of counsel on the part of the defense attorneys who represented him in the geographical area court, part "A", and on his appeal.
The petitioner was convicted of attempt to commit assault in the first degree, attempt to commit assault of a peace officer, carrying a pistol without a permit and possession of narcotics with intent to sell. His appeal of his convictions was unsuccessful.
The events leading up to the conviction are relevant to this petition. Two New Haven police officers were responding to a Hamden police broadcast when they stopped the defendant-petitioner since he matched the description given by Hamden.
When the then suspect fled, one New Haven officer pursued him on foot while the other followed in the police cruiser, maintaining radio contact with the pursuing officer, Justin Kasperzyk.
At one point in the chase, the petitioner ran into a garage and then ran out. Kasperzyk testified that he then shone his flashlight into his face whereupon the petitioner pointed a gun at the officer's head and, according to Kasperzyk, pulled the trigger but the gun did not fire. This encounter was witnessed by the other police officer.
When the petitioner attempted to escape, Kasperzyk tackled him and he was eventually subdued. A search of the area turned up a gun later identified as the petitioner's. In a search of his person, the petitioner was found in possession of a quantity of narcotics.
In his testimony before this court on the habeas corpus petition, the CT Page 16178 petitioner admitted posses sing the gun and the narcotics but denied holding the gun to Kasperzyk's head and pulling the trigger. There is no dispute that the petitioner had no permit to carry the gun.
The petitioner's ineffective assistance claims center primarily around the encounter with Kasperzyk and whether he pulled the trigger. A question of prosecutorial misconduct and counsel's treatment of it is also raised.
 STANDARD OF REVIEW
In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.
Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:
"The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber, 173 Conn. 153, 159-60, 376 A.2d 1108
(1977); Chance v. Bronson, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." Herbert v. Manson, 199 Conn. 143, 144-45, 506 A.2d 98
(1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. Levine v. Manson, supra, 640; Chance v. Bronson, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. Levine v. Manson, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. Aillon v. Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989)." Williams v. Bronson, 21 Conn. App. 260, 263 (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (Strickland, supra). The CT Page 16179 petitioner's claims must be evaluated in light of these standards.
 DISCUSSION I
Treating petitioner's claims in chronological sequence, the first alleged act of ineffective assistance occurred in the geographical area court when his appointed counsel failed to file a motion to preserve the New Haven police audiotapes of the radio communications made on the night of the petitioner's apprehension, November 28, 1998.
By the time trial counsel moved to preserve the tape contents, they had been erased as part of the normal procedures of the department.
The petitioner's claim is that the tape may have contained exculpatory evidence on the issue of whether the petitioner held the gun to Officer Kasperzyk's head. The officer stated he made no broadcast during the time when the gun was pointed at his head.
It would appear highly unlikely that the officer, under the circumstances described in the chase, struggle and eventual arrest would be inclined to resort to a play by play description — particularly at the point he claimed he felt his life was at stake.
The officer noted that to start a broadcast, he would have had to activate the microphone by pushing a button on his shoulder.
One is forced to resort to speculation and conjecture to imagine what could have been broadcast by the officer to support the petitioner's view. Does the petitioner suggest the officer looked at the petitioner running toward him, shone his flashlight, then turned to his microphone to say that "the subject ran away, he's now running toward me, but he is not pointing his gun at me"?
For this failure to act to constitute ineffective assistance of counsel, the petitioner must present more than this "maybe" possibility. As the Appellate Court noted in its decision in the petitioner's appeal when addressing the role of the audiotapes on another issue:
"Kasperzyk made no radio broadcasts during the part of the pursuit when the defendant pointed the gun at his head. It is not reasonably probable, in light of the record, that the jury would have found the officers to CT Page 16180 be unreliable witnesses."
State v. Johnson, 67 Conn. App. 299, 315-316 (2001).
 II
The petitioner's next claim is centered on the evidence produced by the state to support its charge that the petitioner attempted to fire at Kasperzyk.
At first blush, one would expect that had things transpired as the police officers indicated, Kasperzyk would have been shot dead. The state offered the testimony of a firearms expert who explained why the officer did not hear a click when the trigger was pulled (and, ultimately why Kaspercyk was not shot).
This expert, James Stephenson, explained that the weapon had a defective firing mechanism which could cause the firing pin to strike the back side of the cylinder or a portion of the cartridge when released. A cartridge in the gun had on it a firing pin impression consistent with firing having occurred but with insufficient force to cause the gun to fire. The expert could not say when this had occurred nor could he say whether the misfiring was due to a malfunction of the weapon or the cartridge.
Defense counsel moved to preclude this expert testimony on the ground of relevance, noting that:
 ". . . among other things, Kasperzyk did not hear the defendant attempt to fire the weapon, the defendant had fired the weapon two weeks before the incident, the hammer was resting on an empty chamber when inspected by Tchakirides, there was no recording of where the removed cartridges were positioned in the weapon and there was no way to determine when the mark was made. The defendant argued, therefore, that the firing pin impression evidence was speculative, and `the admission of such evidence unduly prejudiced the defendant.'"
State v. Johnson, supra, at 305.
This motion was denied, with the court stating:
"The motion is denied. This is evidence the jury can CT Page 16181 consider. It could be subject to cross-examination argument, but it shouldn't be excused from the jury. The motion is denied. This is relevant evidence for this case, given the facts as I have heard them thus far."
Id., at 305.
This ruling was affirmed on appeal, with the court referring to Connecticut cases establishing the rule that "questions of relevance are committed to the sound discretion of the trial court." Id., at 306.
The petitioner now argues that it was ineffective assistance of counsel to have based the motion to preclude on relevance alone and it should have been based on the claim that its prejudicial tendency outweighed its probative value.
An argument on the basis of prejudice was rejected on appeal because the defendant was found not to have included this ground in his motion and to have relied on the relevance ground only.
The petitioner is indulging in speculation and conjecture once again in asserting this proposition. This trial court's statement in denying the motion makes it clear that calling the basis something else would have made no difference in the ruling.
Motions to preclude usually seek to preclude or limit the use of convictions. The use of it here to exclude from evidence a fact of vital significance in a matter in controversy is misplaced. Defense counsel is to be commended for the ingenuity displayed in attempting to blunt the prosecution's thrust, but the fact is that most evidence in a criminal prosecution offered by the state is prejudicial.
The court concludes that the evidence in question was properly admissible and would have survived the objection raised by the defendant even if couched in terms of prejudice versus probative value.
 III
The petitioner finally claims that both trial counsel and appellate counsel were deficient, first in not objecting to and then in not appealing "prosecutorial misconduct" occurring in final argument.
In one instance the argument is that the prosecuting attorney "vouched for" his police witness. The court has read the trial transcript and does CT Page 16182 not read any such thing into the argument. What the prosecutor did was respond to the defense attempt to discredit the testimony of his key witness. He proceeded to illustrate why that witness was to be believed and how he could have enhanced his testimony to make it more effective but did not do so.
While the petitioner makes much of the fact that appellate courts of late have been more receptive to prosecutorial misconduct claims, there is virtually nothing in this case to suggest an appellate court would order a new trial based on statements made in these closing arguments.
The court did put into perspective the defense concerns about the erasure of the tapes, particularly addressing the possible inference that trial counsel was not diligent in preserving them. Since the defense sought to show the tapes should have been preserved by the police, a response was certainly invited and that response was a natural one.
The defense also argued it was improper for the state to refer to the petitioner's having tested his recently acquired handgun by firing it in his neighborhood, possibly endangering children. The short answer to that is that it was stupid to do such a thing, but it was the petitioner who disclosed it voluntarily. He invited the state to respond. In our adversarial system, such exchanges are a normal occurrence and this one, like the others complained of, does not rise to such a level as to effect the outcome of the trial.
While suggesting the defense resorted to "smoke and mirrors" is neither original nor professional, the court cannot, considered in context, find it of such a dimension as to warrant the result requested.
 IV
The court has read the trial transcript and examined the appellate court record provided.
Counsel at both trial and appellate levels did an excellent job of defending this petitioner. Stripped of all the veneer, the simple fact remains that the jury had two versions of an event from which to choose. The state offered the more logical and reasonable one. Trial counsel was more than diligent but bore an incredible burden — the testimony of two police officers and the petitioner's admission that he possessed the gun and the drugs. The petitioner has not presented a reasonable argument that absent the alleged imperfections, the result would have been different. CT Page 16183
 CONCLUSION
The court rejects the claims of the petitioner and finds no suggestion of ineffective assistance of counsel on trial or appeal.
The petition is denied and judgment may enter for the defendant.
___________________ Anthony V. DeMayo, Judge Trial Referee CT Page 16184